*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

WESLEY CHESTER BASTION,

        Defendant-Appellant.

UNPUBLISHED
April 29, 2021

No. 351728
Ottawa Circuit Court
LC No. 18-042539-FH

Before: BECKERING, P.J., and SAWYER and SHAPIRO, JJ.

SAWYER, J. (*dissenting*).

I respectfully dissent.

The police arrived at defendant's residence after a warrant was issued for defendant's arrest for marijuana charges. The police informed defendant that he was required to come outside and submit himself for arrest. Defendant failed to comply, indicating that the officers might be mistaken and that he had to clear things up with his lawyer. An officer agreed to speak with defendant's attorney on the phone, but, when defendant's wife extended her arm from behind a locked door with the phone, the officer pulled the door open. Defendant's wife was pulled away from the door and an officer moved past her toward defendant, but he shut and locked the door. As the officers struggled with defendant's wife, defendant encouraged his wife to comply with the officers' orders and he surrendered himself.

Defendant argues that the trial court erred and denied him a fair trial by holding that evidence indicating that he was expecting to turn himself in was irrelevant. Specifically, the trial court granted plaintiff's motion to exclude evidence that the prosecutor had told defendant's attorney that he would be permitted to turn himself in if the prosecutor refiled charges against defendant. Generally, a trial court's decision on an evidentiary issue will be reversed on appeal only when there has been a clear abuse of discretion. *People v Holtzman*, 234 Mich App 166, 190; 593 NW2d 617 (1999). The trial court does not abuse its discretion when it chooses an outcome within the range of reasonable and principled outcomes. *People v Babcock*, 469 Mich 247, 269; 666 NW2d 231 (2003). To the extent this issue implicates the right to present a defense, this Court

-1-

reviews "the constitutional question whether a defendant was denied [their] constitutional right to present a defense" de novo. *People v Kurr*, 253 Mich App 317, 327; 654 NW2d 651 (2002).

The prosecutor had e-mailed defendant's attorney to inform him that he would be refiling possession with intent to distribute marijuana charges against defendant, and, as agreed, that he would inform defendant's attorney when the charges were authorized so as to allow defendant to turn himself in. Plaintiff moved to exclude mention of any facts relating to defendant's marijuana possession case during his trial for resisting and obstructing a police officer, asserting that it was irrelevant and would be confusing to the jury. Plaintiff wanted to exclude any mention of plea negotiations, conversations with the prosecutor, and police reports regarding the marijuana case. The trial court granted plaintiff's motion, reasoning that defendant's understanding that he would be surrendering himself was not relevant to whether he knowingly failed to comply with a lawful command.

"Generally, all relevant evidence is admissible at trial." *People v Aldrich*, 246 Mich App 101, 114; 631 NW2d 67 (2001); See also MRE 402. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." MRE 401. "Under this broad definition," evidence that is useful in shedding light on any material point is admissible. *Aldrich*, 246 Mich App at 114. To be material, evidence does not need to relate to an element of the charged crime or an applicable defense. *People v Brooks,* 453 Mich 511, 518; 557 NW2d 106 (1996). Rather, the "relationship of the elements of the charge, the theories of admissibility, and the defenses asserted governs what is relevant and material." *People v Yost*, 278 Mich App 341, 403; 749 NW2d 753 (2008) (citation and quotations omitted).

To prove the crime of resisting or obstructing a police officer under MCL 750.81d(1), the prosecutor must establish that "(1) the defendant assaulted, battered, wounded, resisted, obstructed, opposed, or endangered a police officer, and (2) the defendant knew or had reason to know that the person that the defendant assaulted, battered, wounded, resisted, obstructed, opposed, or endangered was a police officer performing his or her duties" and (3) "the officers' actions were lawful." *People v Quinn*, 305 Mich App 484, 491-492; 853 NW2d 383 (2014) (quotation marks and citations omitted). The legality of the officers' actions is "an actual element of the crime of resisting or obstructing a police officer under MCL 750.81d." *People v White*, 498 Mich 935, 936 n 1; 871 NW2d 716 (2015).

Defendant's proffered defense was that the officers were making a mistake in arresting him, and that he was taking time to figure out "what was going on" before he surrendered to the police. But defendant does not dispute that the police were lawfully performing their duties when they asked him to surrender himself in light of the arrest warrant. That defendant thought that the officers might have been mistaken is not relevant to whether he obstructed the officers. The resisting and obstructing statute defines "obstruct" as "the use or threatened use of physical interference or force *or a knowing failure to comply with a lawful command*." MCL 750.81d(7)(a) (emphasis added). Defendant argues that his belief that the officers may have been mistaken was relevant to whether he "knowingly" failed to comply with the officers' directions. But defendant does not dispute that the officers were acting legally, and the specific reason for not complying is not relevant to whether he knew that he was failing to comply with the lawful order to surrender. In other words, the evidence may have explained defendant's actions, but it would not have helped

-2-

the jury determine whether he knew that he was failing to comply with the directions of the officers. The officers, whom defendant recognized as officers attempting to execute an arrest warrant, ordered defendant to present himself for arrest. The reasons for not complying and shutting the door on the officers could not refute the fact that defendant knew he was not complying with the orders of the police, which were lawful. Because defendant knew the police were performing their duties by enforcing a valid arrest warrant, and knew that the officers were police, his delay could not be justified by his belief, valid or not, that he was not supposed to be taken in and would instead surrender himself. Thus, the trial court's decision to exclude the evidence was within the range of reasonable and principled outcomes and did not constitute an abuse of discretion.

Defendant also argues that the trial court denied him a fair trial because he was not allowed to present the defense that he was justified in his delay in complying with the officers' orders. The United States Constitution provides criminal defendants with the right "to present a complete defense." US Const, Ams VI, XIV; *People v King*, 297 Mich App 465, 473; 824 NW2d 258 (2012), citing *Crane v Kentucky*, 476 US 683, 690; 106 S Ct 2142; 90 L Ed 2d 636 (1986). "Few rights are more fundamental than that of an accused to present evidence in his . . . own defense," *People v Unger* (*On Remand*), 278 Mich App 210, 249; 749 NW2d 272 (2008); however, the right is "not unlimited and is subject to reasonable restrictions." *King*, 297 Mich App at 473-474. A defense "must still comply with established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence." *Id*. at 474 (citations and quotation marks omitted). The right to present a defense is limited "only to relevant and admissible evidence." *People v Solloway*, 316 Mich App 174, 198; 891 NW2d 255 (2016).

That defendant thought the officers were making a mistake and that he wished to clarify whether he was required to comply was not a valid defense to his crime. His understanding of his attorney's communication with the prosecutor regarding the status of his arrest on a warrant for marijuana-related charges was not relevant to whether he obstructed the police. Thus, the trial court did not deny defendant an opportunity to present a defense by excluding evidence of the agreement from the trial. Moreover, defendant did present evidence that he did not comply with the officer's orders because he thought that the officers were mistakenly arresting him, and he also presented evidence that he did not refuse the officers' direction to present himself for arrest, but merely delayed doing so to clarify his confusion. Thus, regardless of the evidentiary ruling, defendant was not precluded from presenting the defense.

The majority asserts that the prosecution's broken promise of allowing defendant to self-surrender was "probative to the extent that it speaks to whether defendant was knowingly resisting a lawful command." *Ante*, slip op at 5. I fail to see how denying a defendant the opportunity to self-surrender, even if promised, renders an arrest pursuant to an arrest warrant unlawful. It may reflect poorly on the prosecutor and, depending on the circumstances, even perhaps give rise to some sort of remedy. But it does not render the arrest unlawful and give a defendant the right to resist an otherwise lawful arrest. The majority asserts that "today's decision does not condone resisting lawful commands by a police officer executing a valid arrest warrant until one has a chance to confer with his or her lawyer and satisfy him- or herself that the warrant is indeed valid and the arrest lawful." *Id.* Yet that is exactly what the majority's opinion does. Our Supreme Court in *People v Moreno*, 491 Mich 38; 814 NW2d 624 (2012), recognized that a person may resist an unlawful arrest. But the majority's decision now extends that principle to include a right

to resist an arrest when the defendant is unsure whether it is lawful or not.  I see nothing good coming from a position of encouraging resistance to a lawful arrest rather than expecting a person to submit to a lawful arrest and deal with ancillary issues at a later time.

I would affirm.


/s/ David H. Sawyer